UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILIAN ONOH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2838-B |
| | § | |
| SAHARA REPORTERS MEDIA | § | |
| GROUP, INC., SAHARA REPORTERS, | § | |
| INC., and OMOYELE SOWORE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Sahara Reporters Media Group Inc., Sahara Reporters, Inc., and Omoyele Sowore (collectively "Defendants")'s Motion to Dismiss Plaintiff Lilian Onoh's First Amended Complaint (Doc. 32). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and dismisses Onoh's Complaint **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow.

I.

BACKGROUND

This is a defamation case. Onoh was a Nigerian ambassador. Doc. 9, Am. Compl., ¶ 7. She alleges that Defendants published a false story accusing Onoh of illegally diverting funds from the Nigerian government. *Id.* ¶¶ 9–12. Onoh asserts state-law claims for defamation and intentional infliction of emotional distress against Defendants. *Id.* ¶¶ 28–31. Onoh alleges that Sahara Reporters Media Group, Inc. and Sahara Reporters, Inc. are citizens of New York and Sowore "is an individual residing in" New Jersey. *Id.* ¶¶ 2–4. Onoh is a Nigerian citizen who "resides in" Texas.

*Id.* ¶¶ 1, 7. Defendants move to dismiss this case for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Doc. 33, Mot., 6. The Court considers their Motion below.

## II.

## LEGAL STANDARD

Federal subject-matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where the parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331–32; *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 181 (5th Cir. 2005). In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may evaluate "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981).

When a defendant raises a "facial attack" on subject-matter jurisdiction, that is, one based on the complaint alone, "the plaintiff is left with safeguards similar to those retained when a 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true." *Id.* at 412. If the jurisdictional allegations in the complaint "are sufficient the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

By contrast, a "factual attack" on jurisdiction is based on matters outside the pleadings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). To defeat a factual attack, a plaintiff "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989) (internal quotations omitted). Under this method, a court's authority under Rule 12(b)(1) extends well beyond that conferred by Rule 12(b)(6) or even Rule 56 – the court has the additional power to resolve factual issues to determine if it has jurisdiction to hear the case. *Williamson*, 645 F.2d at 412–13.

## III.

## ANALYSIS

The Court **DISMISSES** Onoh's Complaint for lack of subject-matter jurisdiction. Onoh alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Doc. 9, Am. Compl., ¶ 5. Under § 1332, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.00. Complete diversity exists when the controversy is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). But complete diversity is destroyed when there are foreign parties on *both sides* of the dispute. *See Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297, 299 (5th Cir. 2010). "A lawful permanent resident domiciled in a state is not a citizen of that state–he is an alien for purposes of diversity jurisdiction." *Gurel v. Alston Partners US, LLC*, No. 1:20-CV-799-RP, 2021 WL 12306340, at *3 (W.D. Tex. June 24, 2021) (quoting *One World, LLC v. Onoufriadis*, No. 20 Civ. 5802 (CM), 2021 WL 184400, at * 13 (S.D.N.Y. Jan. 19, 2021)). Here, both Onoh and Sowore are foreign parties, so the Court does not have subject-matter jurisdiction.

Onoh is an alien for purposes of diversity jurisdiction. Onoh alleges in her Complaint that she is a citizen of Nigeria who "resides in" Texas. Doc. 9. Am. Compl., ¶¶ 1, 7. In her Response to Defendants' Motion, Onoh argues that she should be considered a citizen of Texas because she is "in the process of obtaining her Permanent Legal Resident Status" and intends "to remain a Texas resident indefinitely following receipt of this new status." Doc. 39, Pl.'s Resp., 10. But even if Onoh were a lawful permanent resident of Texas, which she is not, "a lawful permanent resident domiciled in a state is not a citizen of that state – he is an alien for purposes of diversity jurisdiction." *Gurel*, 2021 WL 12306340, at *3. As a result, Onoh is an alien for purposes of diversity jurisdiction.

Since Onoh is a foreign party, the Court only has diversity jurisdiction if there are no foreign parties on the other side. *See* 28 U.S.C. § 1332(a)(2)–(3); *Stiftung*, 603 F.3d at 297 (the "existence of aliens of both sides of a dispute destroys diversity jurisdiction"). The parties dispute whether Sowore is a citizen of New Jersey for purposes of diversity jurisdiction. The Court finds that he is not.[1] Onoh alleges in her Complaint that Sowore is "an individual residing in" New Jersey. Doc. 9, Am. Compl., ¶ 4. But citizenship and residency are not synonymous for purposes of diversity jurisdiction. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). And in a sworn declaration, Sowore states that he is a Nigerian citizen who is a lawful permanent resident in New Jersey, and that he intends to "return to Nigeria and live there long term." Doc. 34, App'x B, 42. Onoh does not offer any evidence to rebut this declaration. *See* Doc. 39, Pl.'s Resp, 10 (stating that Sowore is a New Jersey citizen without further information); *see also Irwin*, 874 F.2d at 1096 (to defeat a factual attack, a plaintiff "must prove the existence of subject-matter jurisdiction by a

---

[1] The Court will consider materials outside of Onoh's Amended Complaint because the Defendants have raised a factual attack to Onoh's jurisdictional allegations. *See Williamson*, 645 F.2d at 412–13 (a court has the power to resolve factual issues to determine if it has jurisdiction to hear the case and, when doing so, may consider materials outside of the pleadings).

preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof"). Thus, the Court finds Sowore is a foreign party for purposes of diversity jurisdiction. And because there are foreign parties on both sides of the dispute, diversity jurisdiction is destroyed. *See Stiftung*, 603 F.3d at 297.

Defendants move to dismiss only Sowore from this case and ask the Court to proceed to address its arguments for lack of personal jurisdiction and failure to state a claim. Doc. 33, Mot., 9 n. 5. But the Court *must* dismiss the entire action. *See* FED. R. CIV. P. 12(h)(3). And because the Court lacks subject-matter jurisdiction, it will not consider Defendants' arguments for lack of personal jurisdiction or failure to state a claim. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (noting that a district court should dismiss on jurisdictional grounds without reaching the merits when it lacks subject-matter jurisdiction over a case).

## IV.

## CONCLUSION

For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss and dismisses Onoh's Complaint **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow.

**SO ORDERED**.

**SIGNED: January 13, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE